**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAMES NEUMAN,                :
                            :
        Plaintiff,        :
                            :
    v.                      : Civil Action No. 08-1068 (JR)
                            :
UNITED STATES, *et al.*,      :
                            :
        Defendants.      :

**MEMORANDUM**

      Plaintiff did not appear in open court to respond to this Court's show-cause order [#26]. He did not answer a call placed to the telephone number he provided in his motion to change the hearing date [#34]. He did lodge with the Court a 29-page "respond" to the motion of defendant National Health Law Project to dismiss his case as frivolous, indicating in the caption that he was also responding to this Court's minute orders of October 2 and 15 and to the show cause order. That document is another prolix, redundant, fantastical indictment of perhaps a hundred people for a "conspiracy to eliminate, deny, delay Civil Rights complaints from reaching the DOJ," invoking 18 U.S.C. § 1342 (mail fraud), 1341 (fraud and swindles), 1038(1)(b) (false information and hoaxes), 1701 (obstruction of mail), 1503 (obstruction of justice), 1510 (obstruction of criminal investigation), 1512 (tampering with witness, victim or informant), 1513 (retaliation against witness, victim or informant), and 1961 (RICO). All of it, as indicated in the

October 28 show-cause order, appears to be related to plaintiff's frustration that a complaint he mailed to the Department of Justice at an address shown on a DOJ website was returned to him because of an incorrect or insufficient address.

The National Health Law Project is correct, that the plaintiff has stated no case against it, and its motion will be granted.  It is obvious, indeed, that the plaintiff has stated no claim upon which relief may be granted as to any of the many, many parties he has named as defendants, served with process, and put to the trouble and expense of defending or preparing to defend themselves.  The case will be dismissed as frivolous, subject only to post-dismissal Rule 11 motions for sanctions, which the Court will consider if any party aggrieved by this suit (a) wishes to prolong the agony and engage in further motions practice and (b) really thinks that a sanctions order against this pro se plaintiff would ultimately be enforceable.  An appropriate order accompanies this memorandum.


JAMES ROBERTSON
United States District Judge